United States District Court
Southern District of Texas
**ENTERED**
March 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FRANK PEREZ and ANICETO SANTANA, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 7:20-cv-00436 |
| CITY OF DONNA, TEXAS, | § § | |
| Defendant. | § § | |

## OPINION AND ORDER

The Court now considers "Defendant City of Donna, Texas' Motion for Partial Dismissal of Plaintiffs' First Amended Petition,"[1] Plaintiffs' response,[2] and Defendant's reply.[3] Although Defendant first moved to dismiss Plaintiffs' original complaint,[4] Plaintiffs filed their first amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1) one day after Defendant's motion to dismiss,[5] which superseded Plaintiffs' original complaint. The parties subsequently fully briefed Defendant's first motion to dismiss the superseded original complaint.[6] Because the original complaint is superseded, the Court **DENIES AS MOOT** Defendant's first motion to dismiss[7] and does not consider the briefing addressed to the original complaint. After considering Defendant's second motion, the record, and relevant authorities, the Court **GRANTS** Defendant's motion.

---

[1] Dkt. No. 10.
[2] Dkt. No. 13.
[3] Dkt. No. 14.
[4] Dkt. No. 4.
[5] Dkt. No. 6.
[6] Dkt. Nos. 9, 11.
[7] Dkt. No. 4.

## I. BACKGROUND AND PROCEDURAL HISTORY

This is an employment discrimination case. Plaintiffs initiated this case on October 14, 2020, in state court.[8] Defendant appears to have been served on December 10, 2020, and removed 19 days later.[9] On the same day as Defendant's removal, Defendant filed its first motion for partial dismissal.[10] One day later, Plaintiffs filed the live "First Amended Petition."[11]

In Plaintiffs' first amended complaint, they allege that municipal Defendant City of Donna held budgetary meetings that resulted in Plaintiffs' library director and emergency management director positions both being terminated for the 2019–20 fiscal year.[12] Plaintiffs allege that the fiscal termination of their positions was a pretext for specifically targeting Plaintiffs for termination, because their positions could be accommodated in the budget, and because of Plaintiffs' declination to support the political candidacies of some Donna City Commissioners.[13] Plaintiffs bring two claims: 1) a claim for employment retaliation for First Amendment-protected activities, and 2) a due process claim, titled "equitable recission of employment terminations."[14] Defendant moved for partial dismissal and the motion is ripe for consideration. The Court turns to its analysis.

---

[8] Dkt. No. 1-1.
[9] Dkt. No. 1 at 2, ¶ 3.03.
[10] Dkt. No. 4.
[11] Dkt. No. 6. This is Plaintiffs' live complaint. *See* FED. R. CIV. P. 7(a)(1).
[12] Dkt. No. 6 at 3–4, ¶ 6; *id.* at 5, ¶ 9.
[13] *Id.* at 5–8, ¶¶ 9–12.
[14] *Id.* at 8–10, ¶¶ 13–14.

## II. DISCUSSION

### a. Jurisdiction

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs allege a violation of 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution.[15] No party disagrees that this Court has jurisdiction over this case.[16]

### b. Legal Standard

"A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts."[17] Under Federal Rule of Civil Procedure 12(b)(6), to avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[18] In evaluating a motion to dismiss, Courts first disregard any conclusory allegations or legal conclusions[19] as not entitled to the assumption of truth,[20] and then undertake the "context-specific" task, drawing on judicial experience and common sense, of determining whether the remaining well-pled allegations give rise to entitlement to relief.[21] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22] The Court reads the complaint as a whole[23] and accepts all

---

[15] Dkt. No. 6 at 3, ¶ 5.

[16] Dkt. No. 12 at 2, ¶ 6.

[17] *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (quotation omitted); *see Chatham Condo. Ass'ns v. Century Vill., Inc.*, 597 F.2d 1002, 1011 (5th Cir. 1979) (alteration in original) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)) ("The decision disposing [of] the case is then purely on the legal sufficiency of plaintiff's case: even were plaintiff to prove all its allegations, he or she would be unable to prevail.").

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[19] *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quotation omitted) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

[20] *Mustapha v. HSBC Bank USA, NA*, No. 4:11-CV-0428, 2011 WL 5509464, at *2 (S.D. Tex. Nov. 10, 2011) (Hanks, J.) ("[A] court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").

[21] *Iqbal*, 556 U.S. at 678–79; *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

[22] *Iqbal*, 556 U.S. at 678; *see In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quotation omitted) (holding that the "standard simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements").

well-pleaded facts as true (even if doubtful or suspect[24]) and views those facts in the light most favorable to the plaintiff (because a Rule 12(b)(6) motion is viewed with disfavor[25]), but will not strain to find inferences favorable to the plaintiff,[26] but also will not indulge competing reasonable inferences that favor the Defendant.[27] Courts have "jettisoned the [earlier] minimum notice pleading requirement"[28] and the complaint must plead facts that "nudge" the claims "across the line from conceivable to plausible"[29] because discovery after permitting a complaint to survive a motion to dismiss is not a license to fish for a colorable claim.[30] The complaint must allege more than the sheer possibility that a defendant acted unlawfully and more than facts merely consistent with a defendant's liability;[31] the complaint must plead every material point necessary to sustain recovery and dismissal is proper if the complaint lacks a requisite allegation.[32] However, the standard is only "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."[33] A plaintiff need not plead evidence[34] or even detailed factual allegations, especially when certain

---

[23] *See Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011) ("While the allegations in this complaint that the Golf Association's anticompetitive acts 'substantially affected interstate commerce' are not sufficient on their own, the complaint here read as a whole goes beyond the allegations rejected in *Twombly* and *Iqbal*.").

[24] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

[25] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) ("This court construes facts in the light most favorable to the nonmoving party, 'as a motion to dismiss under 12(b)(6) "is viewed with disfavor and is rarely granted."'")).

[26] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

[27] *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009).

[28] *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009).

[29] *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570).

[30] *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015) (citing *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)); *see Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

[31] *Covington v. City of Madisonville*, 812 F. App'x 219, 223 (5th Cir. 2020) (per curiam) (quoting *Iqbal*, 556 U.S. at 678).

[32] *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006); *accord Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

[33] *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010))

[34] *Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 241 (5th Cir. 2016).

information is peculiarly within the defendant's possession,[35] but must plead more than "'naked assertion[s] devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" to survive a motion to dismiss.[36] The Court is to give a liberal construction to the pleadings and disentitle Plaintiffs from offering evidence to clarify and support their theories of liability only if there is no basis for liability.[37]

The Court is limited to assessing only the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which the Court may take judicial notice.[38] Attachments to the complaint become part of the pleadings for all purposes,[39] but the Court is not required to accept any characterization of them because the exhibit controls over contradictory assertions,[40] except in the case of affidavits.[41] Because the focus is on the pleadings, "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56,"[42] but not if the material to be considered is a matter of public record[43] or a website[44] and not if a defendant attaches documents to a motion to dismiss that are "referred to in the plaintiff's complaint and are central to her claim."[45]

---

[35] *See Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (holding that pleading "on information and belief" is acceptable when the inference of culpability is plausible).
[36] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also id.* at 679 (holding that a complaint that "do[es] not permit the court to infer more than the mere possibility of misconduct" does not suffice to state a claim).
[37] *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citation omitted) ("The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint.").
[38] *Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018).
[39] *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing FED. R. CIV. P. 10(c)).
[40] *Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 n.1 (5th Cir. 2014)
[41] *Bosarge v. Miss. Bureau of Narc.*, 796 F.3d 435, 440–41 (5th Cir. 2015) ("[W]hile the affidavits may be considered as an aid to evaluating the pleadings, they should not control to the extent that they conflict with [plaintiff's] allegations.").
[42] FED. R. CIV. P. 12(d).
[43] *Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (per curiam) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)).
[44] *Hyder v. Quarterman*, No. CIV.A. C-07-291, 2007 WL 4300446, at *3 (S.D. Tex. Oct. 10, 2007) (Owsley, J.) (citing *Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) & *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam)).
[45] *Causey v. Sewell Cadillac–Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004).

### c.   Analysis

Defendant moves to dismiss Plaintiffs' claim for equitable recission, construing it as a claim for a due process violation. The Court agrees that, despite its label, Plaintiffs' second claim is properly construed as a due process claim. Defendant contends that Plaintiffs never had a constitutionally protected property interest in their at will employment with the city, so the Court should dismiss any claim for deprivation of due process.[46] Plaintiffs respond that the City Charter creates a constitutionally protected property interest and entitles city employees to due process and to terminations only by the City Manager.[47] Defendant replies that the City Charter did not establish any due process rights for Plaintiffs.[48]

To state a claim for violation of due process, Plaintiff must identify a property interest allegedly deprived.[49] "If Plaintiff has no property interest, there can be no due process violation."[50]

> In order for a person to have a property interest within the ambit of the Fourteenth Amendment, he must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. Property interests are not created by the Constitution; rather, they stem from independent sources such as state statutes, local ordinances, existing rules, contractual provisions, or mutually explicit understandings.[51]

In general, because at will employment may be terminated at any time for any reason, there is no property interest in such employment.[52] "In Texas, there exists a presumption that employment is at will unless that relationship has been expressly altered in one of two ways. The at will

---

[46] Dkt. No. 10 at 5–10, ¶¶ 3.06–4.01.

[47] Dkt. No. 13 at 3–9, ¶¶ 2–13. The Court notes that Plaintiffs do not cite a single authority in their response brief. *Cf.* LR7.1.B.

[48] Dkt. No. 14 at 2, ¶¶ 1.02–1.03.

[49] *See Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982) ("[W]e must determine whether *Logan* was deprived of a protected interest, and, if so, what process was his due.").

[50] *Sahara Health Care, Inc. v. Azar*, 349 F. Supp. 3d 555, 571 (S.D. Tex. 2018) (Alvarez, J.).

[51] *Blackburn v. City of Marshall*, 42 F.3d 925, 936–37 (5th Cir. 1995) (quotation and citation omitted).

[52] *Robinson v. Schneider*, 614 F. App'x 222, 224 (5th Cir. 2015) (citing *Conner v. Lavaca Hosp. Dist.*, 267 F.3d 426, 439 (5th Cir. 2001)) ("An at-will employee does not have a protected property interest because employment may be terminated at any time."); *County of Dallas v. Wiland*, 216 S.W.3d 344, 354 (Tex. 2007) (quoting *Matagorda Cnty. Hosp. Dist. v. Burwell*, 189 S.W.3d 738, 739 (Tex. 2006)) ("[A] limitation on at-will employment 'cannot simply be inferred.'")

relationship may be altered by contract; or by express rules or policies limiting the conditions under which an employee may be terminated."[53] "There is no automatic property interest in continued government employment,"[54] so Plaintiffs must identify a legitimate source for their entitlement.

Plaintiffs point to the City Charter as modifying Plaintiffs' employment at will relationship because the City Charter limits who may terminate city employees.[55] Plaintiffs appear to rely chiefly on the following provision:

> Neither the Council nor any of its members shall instruct or request the City Manager or any of his subordinates to appoint to or remove from office or employment any person except with respect to those offices which are to be filled by appointment of by the Council under the provisions of the Charter. Except for the purpose of inquiry and investigation the Council and its members shall deal with the administrative service of the City solely through the City Manager and shall not give orders to any of the Manager's subordinates either publicly or privately.[56]

Plaintiffs also point to similar language in the City Charter delineating the powers and duties of the City Manager,[57] and a "Personnel Manual" that allegedly "reiterates that the City Manager alone makes personnel decisions, as well as the mandated noninterference of the city council in all such decisions."[58]

"However, absent language indicating that an employee will not be fired unless 'for cause,' a property interest is not created."[59] The Fifth Circuit has repeatedly ruled that, even if a city charter provision provides *how* a city employee may be removed, such as by the city manager with approval of the city council, absent any "'termination for cause' language, this

---

[53] *Muncy v. City of Dallas*, 335 F.3d 394, 398 (5th Cir. 2003) (citations omitted).

[54] *Blackwell v. Laque*, 275 F. App'x 363, 368 (5th Cir. 2008) (citing *Cabrol v. Town of Youngsville*, 106 F.3d 101, 105 (5th Cir. 1997)).

[55] Dkt. No. 13 at 4–6, ¶¶ 4–7; *see* Dkt. No. 6 at 4–5, ¶ 8.

[56] Dkt. No. 6 at 27, art. II, § 10.

[57] Dkt. No. 13 at 5–6, ¶¶ 6–7.

[58] *Id.* at 7–8, ¶ 11. Plaintiffs' response brief states that it attaches portions of the Personnel Manual as an exhibit, but no such exhibit was attached to any brief.

[59] *Scott v. Cleveland*, No. 1:08CV774, 2009 U.S. Dist. LEXIS 150763, at *15 (E.D. Tex. Dec. 17, 2009) (citing *Moulton v. City of Beaumont*, 991 F.2d 227, 230–31 (5th Cir. 1993) & *Farias v. Bexar Cnty. Bd. of Trs. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 877 (5th Cir. 1991)).

type of charter provision does not create a property interest."[60] City Charter provisions requiring a specific pretermination procedure to be followed, or vesting a city manager with limited decision making power over municipal employees, do not created constitutionally protected property interests for which plaintiffs may state a claim for violation of due process in the deprivation of their employment.[61] Plaintiffs cite no authority whatsoever in support of their contrary view.[62]

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant City of Donna's motion for partial dismissal.[63] Plaintiffs' claim of a violation of due process in contravention of the Fourteenth Amendment to the United States Constitution, labeled as "equitable recission of employment terminations,"[64] is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 22nd day of March 2021.

_____
Micaela Alvarez
United States District Judge

---

[60] *Benjamin v. City of Watauga*, 841 F. Supp. 2d 1010, 1015 (N.D. Tex. 2012) (citing *Schultea v. Wood*, 27 F.3d 1112, 1116 (5th Cir. 1994) & *Moulton*, 991 F.2d at 230–31 & *Henderson v. Sotelo*, 761 F.2d 1093, 1096–97 (5th Cir. 1985)).

[61] *Stem v. Gomez*, 813 F.3d 205, 213 (5th Cir. 2016) (citing *Henderson*, 761 F.2d at 1094–97); *see County of Dallas v. Wiland*, 216 S.W.3d 344, 353 (Tex. 2007) ("[T]he entitlement to procedure alone does not create a property interest.").

[62] *See* Dkt. No. 13.

[63] Dkt. No. 10.

[64] *See* Dkt. No. 6 at 11, ¶ 16 (alleging that, after Plaintiffs' termination, "their due process and equal protection rights may have been violated vis-à-vis the absent hearing opportunity before or after, and the deficient, unarticulated budget - termination *vote*, in violation of the First the Fourteenth Amendment of the U.S. Constitution, brought pursuant to 42 U.S.C. § 1983, without limitation").